UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AHMED MOHAMMAD ELGHEMBRI,

Plaintiff,

v.

JANE DOE, et al.,

Defendants.

Case No. 24-cv-02768-WHO (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

Plaintiff Ahmed Mohamed Elghembri alleges that a prison teacher and others made rude and offensive statements to him, thereby violating his constitutional rights. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a). Allegations of verbal abuse and harassment fail to state a cognizable claim under 42 U.S.C. § 1983. This federal civil right action is DISMSSED because Elghembri fails to state a claim for relief.

### DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
Northern District of California

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

    **i.    Original Complaint**

In the original complaint, Elghembri alleged that an unnamed teacher at San Quentin State Prison (and members of the class being taught) were speaking obscenities about him and, when he entered the class (of which he was not a student), these persons ordered him to leave. (Compl., Dkt. No. 1 at 6.) Because these allegations were insufficient to state a claim for relief, the complaint was dismissed with leave to amend. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997). Allegations of mere threats are not cognizable under § 1983 either. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

    **ii.    First Amended Complaint**

In the first amended complaint, Elghembri again contends that an unnamed teacher at San Quentin verbally abused him and used obscenities. (First Am. Compl., Dkt. No. 12

at 6-7.)  As before, his allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman*, 125 F.3d at  738.  Because there is no claim against the unnamed defendant, there is no claim against the supervisory persons Elghembri mentions.  This action will be dismissed.

### CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  June 6, 2025



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3